1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
10

GUIDEONE INSURANCE COMPANY, a
foreign corporation,

    Plaintiff,

  v.

NEW JERUSALEM CHURCH OF GOD IN
CHRIST, a Washington nonprofit corporation,
ALETA HASKINS, a Washington resident,

    Defendants.

NO.  2:24-cv-01602

**COMPLAINT FOR
DECLARATORY JUDGMENT**

11
12
13
14
15

16   COMES NOW Plaintiff, GuideOne Insurance Company ("GuideOne"), by and through its

17 attorneys, Williams, Kastner & Gibbs, PLLC, and files this Complaint for Declaratory Judgment

18 and hereby alleges as follows:

19         **I.**  **PARTIES**

20   1.  Plaintiff GuideOne is an Iowa corporation with its principal place of business in

21 Iowa.

22   2.  Defendant New Jerusalem Church of God in Christ ("Church") is a Washington

23 nonprofit corporation.

24   3.  Defendant Aleta Haskins is a Washington resident.

25

COMPLAINT FOR DECLARATORY JUDGMENT - 1

1

## II.   VENUE AND JURISDICTION

2        4.      The U.S. District Court in the Western District of Washington has jurisdiction

3    pursuant to 28 U.S.C. § 1332.  There is complete diversity between Plaintiff and the Defendants,

4    and based on information and belief, the amount in controversy exceeds $75,000.

5        5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part

6    of the events giving rise to the claim occurred in Washington.

7

## III.   FACTS

8    **A.    The Policy**

9        6.      GuideOne issued a Religious Institution insurance policy, No. 00-1423-476, to the

10   Church with effective dates of November 1, 2014 through November 1, 2015 ("14-15 Policy").  A

11   copy of the 14-15 Policy is attached as **Exhibit 1**.

12       7.      The 14-15 Policy is the first time that GuideOne issued an insurance policy to the

13   Church.

14       8.      The 14-15 Policy was subsequently renewed annually under the same policy

15   number and was effective from:

16                a.   November 1, 2015 through November 1, 2016 ("15-16 Policy");

17                b.   November 1, 2016 through November 1, 2017 ("16-17 Policy");

18                c.    November 1, 2017 through November 1, 2018 ("17-18 Policy");

19                d.   November 1, 2018 through November 1, 2019 ("18-19 Policy");

20                e.   November 1, 2019 through November 1, 2020 ("19-20 Policy");

21                f.    November 1, 2020 through November 1, 2021 ("20-21 Policy");

22                g.   November 1, 2021 through November 1, 2022 ("21-22" Policy");

23                h.   November 1, 2022 through November 1, 2023 ("22-23 Policy"); and

24

25

COMPLAINT FOR DECLARATORY JUDGMENT - 2

i.   November 1, 2023 through November 1, 2024 ("23-24 Policy").[1]

9.      The Policies provide the following coverages that potentially apply to the claim against the Church discussed herein:

a.   Commercial General Liability Coverage ("CGL Coverage");

b.   RL Religious Expression Coverage ("RL Coverage") and RD Religious Expression Legal Expense Coverage ("RD Coverage");

c.   Sexual Misconduct Liability Coverage ("SL Coverage"); and

d.   Legal Expense Reimbursement Coverage ("LR Coverage").

10.     The 14-15 Policy and 15-16 Policy do not provide RL Coverage or RD Coverage, and the 23-24 Policy does not provide LR Coverage.

**i.      CGL Coverage – Insuring Agreements**

11.     All of the Policies provide CGL Coverage, which is limited to $1,000,000 per each "occurrence" and $5,000,000 in the general aggregate.

12.     The CGL Coverage part for the 14-15 Policy through the 21-22 Policy are written on Form PCG 25 10 04 09, and the CGL Coverage part for the 22-23 Policy and 23-24 Policy is written on Form CG 00 01 04 13.

13.     The CGL Coverage language in PCG 25 10 04 09 provides, in potentially relevant part, as follows:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer strictly to the Named Insured shown in the Declarations, and any other person or

---

[1]  All of the above-referenced Policies may be referred to collectively as the "Policies."  A copy of the 15-16 Policy is attached as **Exhibit 2**.  A copy of the 16-17 Policy is attached as **Exhibit 3**.  A copy of the 17-18 Policy is attached as **Exhibit 4**.  A copy of the 18-19 Policy is attached as **Exhibit 5**.  A copy of the 19-20 Policy is attached as **Exhibit 6**.  A copy of the 20-21 Policy is attached as **Exhibit 7**.  A copy of the 21-22 Policy is attached as **Exhibit 8**.  A copy of the 22-23 Policy is attached as **Exhibit 9**.  A copy of the 23-24 Policy is attached as **Exhibit 10**.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** -- Who Is An Insured.

The word "damages", whether appearing in quotation marks or not, shall have the special meaning described in Section **V** -- Definitions.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** -- Definitions.

## SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.     **Insuring Agreement**

      **a.**     We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages." However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

            **(1)**     The amount we will pay for "damages" is limited as described in Section **III** – Limits Of Insurance; and

            **(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

      **b.**     This insurance applies to "bodily injury" and "property damage" only if:

            **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)**    Receives a written or verbal demand or claim for "damages" because of the "bodily injury" or "property damage"; or

**(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.**    "Damages" because of "bodily injury" include "damages" claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

14.    Form CG 00 01 04 13 contains nearly identical policy language as Form PCG 25 10 04 09, except it omits the preamble language regarding the word "damages" and definitions, and does not use quotation marks for the word "damages" in the insuring agreement language.

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

15. The term "damages" is not defined in Form CG 00 01 04 13.

16. The CGL Coverage language in Form PCG 25 10 04 09 defines certain terms, and provides, in potentially relevant part, as follows:

**SECTION V – DEFINITIONS**

…

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

**5.** "Damages" mean only those compensatory tort damages allowed by law.[2]

…

**6.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

…

**14.** "Minister" means a person:

    **a.** Employed by;

    **b.** Duly assigned to; or

    **c.** Duly appointed by

you to attend to the spiritual needs of the congregation.

…

**16.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**24.** "Sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal, visual or physical conduct of a sexual nature when such conduct:

---

[2] The 14-15 Policy through the 21-22 Policy contain an endorsement, Form PMAN 502, which changes the definition of Damages as follows: " 'Damages' means only those tort damages allowed by law."

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

      **a.**      Is linked implicitly or explicitly with a decision affecting a term or condition of any individual's employment;

      **b.**      Interferes with any individual's job performance;

      **c.**      Creates an intimidating, hostile or offensive working environment for any individual; or

      **d.**      Arises out of or is related to an unlawful employment practice as codified at 42 U.S.C.A. h 2000e-2(a), or any pendant State, municipal or local code, regulation or ordinance.

17.    The CGL Coverage language in CG 00 01 04 13 defines certain terms, and provides, in potentially relevant part, as follows:

**SECTION V – DEFINITIONS**

…

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

**5.**    "Employee" includes a "leased worker".

      "Employee" does not include a "temporary worker".

…

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **ii.**    **CGL Coverage – Exclusions**

18.    Form PCG 25 10 04 09 contains certain exclusions in the CGL Coverage part, and provides, in potentially relevant part, as follows:

**2.**    **Exclusions**

    This insurance does not apply to:

**a.**  **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

…

**ADDITIONAL EXCLUSIONS – COVERAGES A, B AND C**

This insurance does not apply to:

…

**6.      Misconduct, Molestation Or Harassment**

> Any "bodily injury", "personal and advertising injury", mental or emotional pain or anguish, or any defamation or slander, sustained by any person arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" or "sexual harassment" of any kind. We have no right or duty to investigate, settle, defend or pay any claim or "suit" asserting any act of "sexual misconduct or sexual molestation", "sexual harassment" or any breach of duty contributing to or arising from such act.

19.      CGL Coverage in Form 00 01 04 13 contains the same Expected or Intended exclusion as discussed above, and contains a similar Misconduct, Molestation or Harassment exclusion in an endorsement, Form CG 25 10 07 14, which provides, in potentially relevant part, as follows:

**FAITHGUARD**
**GENERAL LIABILITY ENDORSEMENT**

…

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY FORM

…

**I.      Additional Exclusions**

> The following exclusions are added to Paragraph **2.** Exclusions under Coverage **A** - Bodily Injury And Property Damage Liability, Paragraph **2.** Exclusions under Coverage **B** - Personal And Advertising Injury Liability and Paragraph **2.** Exclusions under Coverage **C** - Medical Payments of Section **I** - Coverages:

> This insurance does not apply to:

> …

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**2.**      **Misconduct, Molestation Or Harassment**

Any "bodily injury", "personal and advertising injury", mental or emotional pain or anguish, or any defamation or slander, sustained by any person arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" or "sexual harassment" of any kind. We have no right or duty to investigate, settle, defend or pay any claim or "suit" asserting any act of "sexual misconduct or sexual molestation", "sexual harassment" or any breach of duty contributing to or arising from such act.

…

**S.**     **Additional Definitions**

The following is added to the Definitions section:

**1.**      "Minister" means a person:

     **a.**      Employed by;

     **b.**      Duly assigned to; or

     **c.**      Duly appointed by

you to attend to the spiritual needs of the congregation.…

…

**5.**      "Sexual misconduct or sexual molestation" means any activity which is sexual in nature (whether permitted or not permitted); and includes, but is not limited to: sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, sexual stimulation, fondling, intimacy, exposure of sexual organs, lewd or lascivious behavior or indecent exposure, fornication, unauthorized touching, or the photographic, video or other reproduction of sexual activity.

However, "sexual misconduct or sexual molestation" does not include employment-related "sexual harassment".

**iii.**      <u>**CGL Coverage – Terms and Conditions of Coverage**</u>

20.      CGL Coverage provided by the Policies is subject to certain terms and conditions, and Forms PCG 25 10 04 09 and CG 00 01 04 13, provide, in potentially relevant part, as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

     **a.**      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

          **(1)**      How, when and where the "occurrence" or offense took place;

          **(2)**      The names and addresses of any injured persons and witnesses; and

          **(3)**      The nature and location of any injury or damage arising out of the "occurrence" or offense.

     **b.**      If a claim is made or "suit" is brought against any insured, you must:

          **(1)**      Immediately record the specifics of the claim or "suit" and the date received; and

          **(2)**      Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

     **c.**      You and any other involved insured must:

          **(1)**      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

          **(2)**      Authorize us to obtain records and other information;

          **(3)**      Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

          **(4)**      Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

     **d.**      No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1

     **iv.**      **RL and RD Coverages – Insuring Agreements**

2

     21.     The 16-17 Policy through the 23-24 Policy provide RL Coverage or RD Coverage,

3

which is limited to $1,000,000 for each claim and $1,000,000, in the general aggregate.

4

     22.     RD Coverage is limited to $250 hourly limit, $150,000 each incident limit, and

5

$300,000 aggregate limit.

6

     23.     RL Coverage and RD Coverage under the 16-17 Policy through the 23-24 Policy

7

are written on Form GCG 04 06 09 15, which provides, in potentially relevant part, as follows:

8

**COVERAGE RL RELIGIOUS EXPRESSION – LIABILITY
COVERAGE**

9

10

**COVERAGE RD RELIGIOUS EXPRESSION – LEGAL EXPENSE
REIMBURSEMENT**

11

Various provisions in Coverages **RL** and **RD** restrict coverage. Read this
document and the entire policy carefully to determine rights, duties and

12

what is and is not covered.

13

Throughout this document, the words "you" and "your" refer to the Named
Insured shown in the Declarations and any other person or organization

14

qualifying as a Named Insured within Section **II** – Who Is An Insured –
Coverages **RL** and **RD**. The words "we", "us" and "our" refer to the

15

company providing this Coverage.

16

The word "insured" means any person or organization qualifying as such
under Section **II** – Who Is An Insured – Coverages **RL** and **RD**.

17

18

Other words and phrases that appear in quotation marks have special
meaning. Refer to the Definitions section of the Commercial General

19

Liability Coverage Form, any definitions added or modified by
endorsement, and the other definitions provided herein which are unique

20

and specific to Coverages **RL** and **RD**.

21

**SECTION I – COVERAGES**

22

Coverages **RL** and **RD** are merged within and are comprised part of the
Commercial General Liability Coverage Form. The coverages provided by

23

Coverages **RL** and **RD** are distinct and separate from any other coverage
provided by or within Section **I** – Coverages of the Commercial General

24

Liability Coverage Form.

25

**COVERAGE RL – RELIGIOUS EXPRESSION – LIABILITY
COVERAGE**

COMPLAINT FOR DECLARATORY JUDGMENT - 11

1.      **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as "damages" because of a "religious expression injury" arising out of or resulting from a "religious expression occurrence" to which Coverage **RL** applies. We will have no duty to defend the insured against any "suit" seeking those "damages". We may, at our discretion, investigate any "religious expression occurrence" and settle any claim or "suit" that may result. But the amount we pay for "damages" is limited as described in Section **III** – Limits Of Insurance – Coverages **RL** and **RD**.

        No other obligation or liability to pay sums or perform acts or services is covered.

    **b.**    Coverage **RL** applies to a "religious expression injury" only if all the conditions set forth in Paragraphs **b.(1)** through **b.(3)** below are met:

        **(1)**    The "religious expression injury" is caused by a "religious expression occurrence" that takes place in the "coverage territory";

        **(2)**    The "religious expression occurrence" first commences during the policy period; and

        **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured of the Commercial General Liability Coverage Form and no "employee" authorized by you to give or receive notice of a "religious expression occurrence" or claim, knew that the "religious expression injury" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "religious expression injury" occurred, then any continuation, change, or resumption of such "religious expression occurrence" during or after the policy period will be deemed to have been known prior to the policy period.

24.      The RL Coverage part provides the following definitions, in potentially relevant part, as follows:

### SECTION V – DEFINITIONS – COVERAGES RL AND RD

The following words or phrases have a specific and unique meaning to Coverages **RL** and **RD**. The remainder of the **Definitions** section of the

COMPLAINT FOR DECLARATORY JUDGMENT - 12

Commercial General Liability Coverage Form and any definitions added or modified by endorsement are incorporated by reference. Certain definitions contained elsewhere within the Commercial General Liability Coverage Part may be reproduced for ease of reference in this document. The definitions provided herein will supersede the corresponding definitions contained elsewhere within the Commercial General Liability Coverage Part.

Where set forth in quotation marks in this document, the following words or phrases, whether used in the singular or plural, shall have the meanings specified below:

1. "Abuse" means any actual, threatened, or alleged act, error, omission, conduct or misconduct that a claim or "suit" alleges:

   a. To be, or to constitute, any form of "abuse" (including but not limited to elder "abuse", child "abuse", patient "abuse" or "abuse" of a dependent person) under any applicable state or federal statute; and

   b. Any non-sexual assault, non-sexual battery, or non-sexual "abuse" directed at a person; and

   Conduct or misconduct described above constitutes "abuse" regardless of whether or not it is alleged to be negligent, reckless, knowing, intentional, fraudulent, oppressive, malicious, or otherwise.

   However, "abuse" does not include employment-related "sexual harassment".

   …

3. "Damages" means only those compensatory tort damages allowed by law. Damages do not include attorneys' fees.

4. "Discriminatory act" means:

   a. Any act that would be considered discrimination under any applicable federal, state or local statute, ordinance or law; or

   b. Any conduct interpreted as violating any federal, state or local statute, ordinance or law enacted for the purpose of protecting individuals from discriminatory conduct; or

   c. Any unfair treatment by any person because of that person's religion, gender, sexual orientation, other dimensions of personal identity, age, nationality, physical impairment, or disability; or

COMPLAINT FOR DECLARATORY JUDGMENT - 13

> **d.**   Any conduct interpreted as being discriminatory in nature by a person against whom such conduct is directed;
>
> unless excluded within Coverages **RL** or **RD** or the Additional Exclusions – Coverages **RL** And **RD** Section.
>
> Discriminatory act does not include conduct characterized or interpreted as "sexual misconduct or sexual molestation" or "sexual harassment" based on a person's gender.

**5.**   "Religious expression injury" means mental or emotional injury, suffering or distress sustained by a person other than as a result of physical injury.

**6.**   "Religious expression legal expenses" means and is limited to reasonable and necessary attorneys' fees, expenses, court costs, injunctive relief, and the cost of appeal bonds that are directly related to defending "suits" against the insured or any affected insured.

> "Religious expression legal expenses" do not include:
>
> **a.**   The amounts of any "damages";
>
> **b.**   Any retainer fees;
>
> **c.**   Any expenses that are paid or obligated to be paid under any other contract of insurance; whether or not the defense, being undertaken under a contract of insurance, is subject to a Reservations of Rights or a Non-waiver Agreement or is being done gratuitously;
>
> **d.**   Any expenses that are paid or obligated to be paid by any person, association of persons, or entity, including but not limited to any legal services, plan, or benefit; and
>
> **e.**   Any expenses associated with any "suit" or dispute between any insured and us.

**7.**   "Religious expression occurrence" means exercises and expressions which are undertaken or otherwise pursued in accordance with, and furtherance of, the insured's deeply held spiritual or religious beliefs, religious doctrine, or worship of your established denomination which are considered to be a "discriminatory act" that results in a "religious expression injury" or reimbursable "religious expression legal expenses".

**8.**   "Sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal, visual or physical conduct of a sexual nature when such conduct:

COMPLAINT FOR DECLARATORY JUDGMENT - 14

      **a.**    Is linked implicitly or explicitly with a decision affecting a term or condition of any individual's employment;

      **b.**    Interferes with any individual's job performance;

      **c.**    Creates an intimidating, hostile or offensive working environment for any individual; or Arises out of or is related to an unlawful employment practice as codified at 42 U.S.C. § 2000e, et seq., or any similar state, municipal or local code, regulation or ordinance.

**9.**    "Sexual misconduct or sexual molestation" means any activity which is sexual in nature (whether permitted or not permitted); and includes, but is not limited to: sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, sexual stimulation, fondling, intimacy, exposure of sexual organs, lewd or lascivious behavior or indecent exposure, fornication, unauthorized touching, or the photographic, video or other reproduction of sexual activity.

However, "sexual misconduct or sexual molestation" does not include employment-related "sexual harassment".

25.    RD Coverage for those GuideOne Policies that provide such coverage, contains the following insuring agreement language:

**COVERAGE RD – RELIGIOUS EXPRESSION – LEGAL EXPENSE REIMBURSEMENT**

**1.**    **Insuring Agreement**

      **a.**    We will reimburse those "religious expression legal expenses" incurred by the insured that arise out of a "suit" to which this Coverage RD applies.

      **b.**    Our obligation is limited to paying "religious expression legal expenses" only if you or any affected insured are named as defendants in a "suit".

Provided that:

      **(1)**    The "suit" results from a "religious expression occurrence" that takes place in the "coverage territory";

      **(2)**    The "religious expression occurrence" first commences during the policy period; and

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section **II** – Who Is An Insured of the Commercial General Liability Coverage Form and no "employee" authorized by you to give or receive notice of a "religious expression occurrence" or claim, knew that reimbursable "religious expression legal expenses" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that reimbursable "religious expression legal expenses" occurred, then any continuation, change, or resumption of such "religious expression occurrence" during or after the policy period will be deemed to have been known prior to the policy period.

v.   **RL and RD Coverages – Exclusions**

26.   The RL Coverage and RD Coverage parts under the 16-17 Policy through the 23-24 Policy contain certain exclusions to coverage, which provide in potentially relevant part, as follows:

**2.   Exclusions**

The Additional Exclusions – Coverages **RL** and **RD** also apply to Coverage **RD**.

…

**ADDITIONAL EXCLUSIONS – COVERAGES RL AND RD**

The insurance granted by Coverages **RL** and **RD** does not apply to:

…

**3.   Certain Types of Injury Or Harm**

Any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury", "abuse", "sexual misconduct or sexual molestation", or "sexual harassment".

…

**8.   Dishonest, Fraudulent, Criminal Or Malicious Act**

Any admitted or adjudicated: dishonest, malicious, fraudulent or deliberately criminal act or any willful violation of any statute or regulation.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

…

**11.     Exemplary Or Punitive Damages**

Any exemplary or punitive damages, multiplied damages, fines or penalties.

**vi.          RL and RD Coverages – Terms and Conditions to Coverage**

27.     The RL Coverage under the 16-17 Policy through the 23-24 Policy contains certain terms and conditions to coverage, which provide, in potentially relevant part, as follows:

**SECTION IV – CONDITIONS – COVERAGE RL**

The following conditions are unique to Coverage **RL**. The remainder of Section **IV** – Conditions of the Commercial General Liability Coverage Form is incorporated by reference. The conditions and duties provided herein will supersede those contained in Paragraphs **2.** and **4.** Of Section **IV** – Conditions of the Commercial General Liability Coverage Form.

**1.     Duties In The Event Of An Occurrence, Claim Or Suit**

Consistent with the Insuring Agreement contained within Coverage **RL**:

**a.     Occurrence Or Incident Reporting**

You must see to it that we are directly notified of any "religious expression occurrence", incident or circumstance which may reasonably be expected to result in a claim. You must promptly provide us with such notification. To the extent possible, notice should include:

**(1)**     How, when and where the "religious expression occurrence", incident or circumstance took place;

**(2)**     The names and addresses of anyone who may suffer "damages" as a result of the "religious expression occurrence, injured persons and witnesses; and

**(3)**     The nature of the "damages" arising out of the alleged "religious expression occurrence".

**b.     Claim Or Suit Reporting**

If a claim or "suit" is received by any insured, you must:

**(1)**     Immediately record the specifics of the claim or "suit" and the date received; and

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

**(2)**     Promptly notify us in writing.

**c.**     **Other Duties**

You and any other involved insured must:

**(1)**     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)**     Authorize us to obtain records and other information;

**(3)**     Cooperate with us in the investigation or settlement of the claim or "suit"; and

**(4)**     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of "damages" to which this insurance may also apply.

**d.**     **No Voluntary Payments**

No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

28.     The RD Coverage under the 16-17 Policy through the 23-24 Policy contains certain terms and conditions to coverage, which provide, in potentially relevant part, as follows:

**SECTION IV – CONDITIONS – COVERAGE RD**

The following conditions are unique to Coverage **RD**. The reminder of Section **IV** – Conditions of the Commercial General Liability Coverage Form is incorporated by reference. The conditions and duties described in Paragraph **2.** herein will supersede those contained in Paragraph **2.** of Section **IV** – Conditions of the Commercial General Liability Coverage Form.

**1.**     **Duty To Investigate Or Defend**

We will have no duty or right to investigate or defend any "suit" brought against you to which this coverage applies.

**2.**     **Duties In The Event Of A Reimbursement Incident Or Suit**

**a.**     You must see to it that we are directly notified of your becoming aware of any "religious expression occurrence" that may result in a "suit" to which this coverage applies.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

You must promptly provide us with such notification. To the extent possible, notice should include:

**(1)** How, when and where the "religious expression occurrence" took place; and

**(2)** The nature of the "religious expression occurrence".

**b.** If "suit" is brought against the insured, you must:

**(1)** Promptly notify us of the "suit" brought against the insured and provide us with all documents related to the occurrence.

**(2)** Promptly, provide us written notice of the "suit". This notice should include the nature of the "suit" and how, when and where the "religious expression occurrence" took place.

**(3)** Provide us the name, address and other information sufficient to identify the attorney or firm who will be defending you in the "suit".

**vii.** <u>**SL Coverage – Insuring Agreements**</u>

29. SL Coverage is limited to $100,000 for each claim and $300,000, in the aggregate for all Policies.

30. SL Coverage for the 14-15 Policy through the 21-22 Policy are written on Form GCG 74 10 04 09, and for the 22-23 Policy and 23-24 Policy on Form GCG 74 10 07 14.

31. SL Coverage part in Form GCG 74 10 04 09 contains the following language, in potentially relevant part, as follows:

**SEXUAL MISCONDUCT LIABILITY COVERAGE**

**COVERAGE SL SEXUAL MISCONDUCT LIABILITY AND COVERAGE SP MEDICAL PAYMENTS**

Various provisions in Coverages **SL** and **SP** restrict coverage. Read this document and the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this document the words "you" and "your" refer strictly to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured within Section **II** -- Who Is An

COMPLAINT FOR DECLARATORY JUDGMENT - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Insured -- Coverages **SL** and **SP**. The words "we", "us" and "our" refer to the company providing this Coverage.

The word "insured" is limited and means any person or organization qualifying as such under Section **II** -- Who Is An Insured -- Coverages **SL** and **SP**.

Other words and phrases that appear in quotation marks have special meaning. Refer to both Section **V** -- Definitions of the Commercial General Liability Coverage Form, and the other definitions provided herein which are unique and specific to Coverages **SL** and **SP**.

### SECTION I – COVERAGES

Coverages **SL** and **SP** are merged within and are a comprised part of the Commercial General Liability Coverage Form. The coverages provided by Coverages **SL** and **SP** are distinct and separate from any other coverage provided by or within Section **I** - Coverages of the Commercial General Liability Coverage Form.

### COVERAGE SL – SEXUAL MISCONDUCT LIABILITY

1.       **Insuring Agreement**

      a.       We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to which Coverage **SL** applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which Coverage **SL** does not apply. We may, at our discretion, investigate any "sexual misconduct occurrence" and settle any claim or "suit" that may result. But:

           **(1)**       The amount we will pay for "damages" is limited as described in Section **III** - Limits Of Insurance - Coverages **SL** and **SP**; and

           **(2)**       Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **SL**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **3.** Supplementary Payments.

      b.       This Coverage applies to "injury" only if:

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**(1)** The "injury" is caused by a "sexual misconduct occurrence" that takes place in the "coverage territory"; and

**(2)** The first act of a "sexual misconduct occurrence" first commences during the policy period.

32.     SL Coverage part in Form GCG 74 10 07 14 contains the following language, in potentially relevant part:

### SEXUAL MISCONDUCT LIABILITY COVERAGE

### COVERAGE SL SEXUAL MISCONDUCT LIABILITY AND COVERAGE SP MEDICAL PAYMENTS

Various provisions in Coverages **SL** and **SP** restrict coverage. Read this document and the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this document the words "you" and "your" refer strictly to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured within Section **II** -- Who Is An Insured -- Coverages **SL** and **SP**. The words "we", "us" and "our" refer to the company providing this Coverage.

The word "insured" is limited and means any person or organization qualifying as such under Section **II** -- Who Is An Insured -- Coverages **SL** and **SP**.

Other words and phrases that appear in quotation marks have special meaning. Refer to both Section **V** -- Definitions of the Commercial General Liability Coverage Form, and the other definitions provided herein which are unique and specific to Coverages **SL** and **SP**.

### SECTION I – COVERAGES

Coverages **SL** and **SP** are merged within and are a comprised part of the Commercial General Liability Coverage Form. The coverages provided by Coverages **SL** and **SP** are distinct and separate from any other coverage provided by or within Section **I** - Coverages of the Commercial General Liability Coverage Form.

### COVERAGE SL – SEXUAL MISCONDUCT LIABILITY

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as "damages" because of "injury" arising out of or resulting from a "sexual misconduct occurrence" to

COMPLAINT FOR DECLARATORY JUDGMENT - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

which Coverage **SL** applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which Coverage **SL** does not apply. We may, at our discretion, investigate any "sexual misconduct occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for "damages" is limited as described in Section **III** - Limits Of Insurance - Coverages **SL** and **SP**; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **SL**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage **SL**.

b.    This Coverage applies to "injury" only if:

(1)    The "injury" is caused by a "sexual misconduct occurrence" that takes place in the "coverage territory"; and

(2)    The first act of a "sexual misconduct occurrence" first commences during the policy period.

33.    Forms GCG 74 10 04 09 and GCG 74 10 07 14 define certain terms, in potentially relevant part, as follows:

**SECTION V -- DEFINITIONS -- COVERAGES SL AND SP**

The following words or phrases have a specific and unique meaning to Coverages **SL** and **SP**. The remainder of Section **V** -- Definitions of the Commercial General Liability Coverage Form is incorporated by reference. Certain definitions contained within Section **V** -- Definitions of the Commercial General Liability Coverage Form may be reproduced for ease of reference in this document. The definitions provided herein will supersede the corresponding definitions contained in Section **V** of the Commercial General Liability Coverage Form.

…

2.    "Damages" mean only those compensatory tort damages allowed by law.

…

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

**4.** "Injury" means "bodily injury", sickness or disease, including death resulting from any of these at any time, mental anguish or emotional distress.

**5.** "Sexual harassment" means unwelcome sexual advances, requests for sexual favors, or other verbal, visual or physical conduct of a sexual nature when such conduct:

**a.** Is linked implicitly or explicitly with a decision affecting a term or condition of any individual's employment;

**b.** Interferes with any individual's job performance;

**c.** Creates an intimidating, hostile or offensive working environment for any individual; or

**d.** Arises out of or is related to an unlawful employment practice as codified at 42 U.S.C.A. h 2000e-2(a), or any pendant State, municipal or local code, regulation or ordinance.

**6.** "Sexual misconduct occurrence" means a single act, or multiple, continuous, repeated, sporadic or related acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation".

In determining our liability under Coverage **SL**, all acts of "sexual misconduct or sexual molestation" by one person, or two or more persons acting together, or any breach of duty causing or contributing to such acts, or any defamation or slander arising out of or resulting from any actual or alleged act of "sexual misconduct or sexual molestation" will be deemed and construed as one "sexual misconduct occurrence" and one claim, regardless of:

**a.** The number of claims, claimants, persons acted upon, or injured persons;

**b.** The number of incidents or locations involved;

**c.** The period of time during which the acts of "sexual misconduct or sexual molestation" took place; or

**d.** When "damages" are sustained.

**7.** "Sexual misconduct or sexual molestation" means any activity which is sexual in nature (whether permitted or not permitted); and includes, but is not limited to: sexual assault, sexual battery, sexual relations, sexual acts, sexual activity, sexual handling, sexual massage, sexual exploitation, sexual exhibition, sexual stimulation,

COMPLAINT FOR DECLARATORY JUDGMENT - 23

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

fondling, intimacy, exposure of sexual organs, lewd or lascivious behavior or indecent exposure, fornication, unauthorized touching, or the photographic, video or other reproduction of sexual activity.

However, "sexual misconduct or sexual molestation" does not include "sexual harassment".

**viii.        SL Coverage – Exclusions**

34.      SL Coverage contains certain exclusions in Form GCG 74 10 04 09, which provides, in potentially relevant part, as follows:

**2.      EXCLUSIONS**

The insurance granted by this Coverage shall not apply to:

**a.      Participation In Sexual Misconduct Or Sexual Molestation**

Any person who actually or personally participated in, directed, or knowingly allowed any act of "sexual misconduct or sexual molestation". We shall have no duty to investigate, defend or settle any claim or "suit " brought against any such person as described in this paragraph.

**b.      Criminal Or Penal Regulation Or Statute**

The cost of defense of, or the cost of paying any fines for, any person resulting from any actual or alleged violation of any criminal or penal regulation or statute.

…

**g.      Exemplary Or Punitive Damages**

Any exemplary or punitive damages, multiplied damages, fines or penalties.

…

**i.      Acts Occurring Between Family Members**

Any claim arising out of "sexual misconduct or sexual molestation" occurring between "family members".

…

35.      SL Coverage contains certain exclusions in Form GCG 74 10 07 14, which provides, in potentially relevant part, as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - 24

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

**2.      Exclusions**

The insurance granted by Coverage **SL** does not apply to:

…

**a.      Participation In Sexual Misconduct Or Sexual Molestation**

Any person who actually or personally participated in, directed, or knowingly allowed any act of "sexual misconduct or sexual molestation". We shall have no duty to investigate, defend or settle any claim or "suit " brought against any such person as described in this paragraph.

**b.      Criminal Or Penal Regulation Or Statute**

The cost of defense of, or the cost of paying any fines for, any person resulting from any actual or alleged violation of any criminal or penal regulation or statute.

…

**g.      Exemplary Or Punitive Damages**

Any exemplary or punitive damages, multiplied damages, fines or penalties.

…

**i.      Acts Occurring Between Family Members**

Any claim arising out of "sexual misconduct or sexual molestation" occurring between "family members".

…

**k.      Hiring Someone with Prior History**

Any claim arising out of "injury" because of any insured's hiring, employment, or retention in employment, of any person with a prior history of committing "sexual misconduct or sexual molestation", if any insured knew of that history either before, or at any time during the policy period.

…

**ix.      <u>SL Coverage – Terms and Conditions to Coverage</u>**

COMPLAINT FOR DECLARATORY JUDGMENT - 25

36.     The SL Coverage part contains certain terms and conditions to coverage in Form GCG 74 10 04 09, which provides, in potentially relevant part, as follows:

**SECTION IV - CONDITIONS - COVERAGE SL**

The following conditions are unique to Coverage **SL**. The remainder of Section **IV** - Conditions of the Commercial General Liability Coverage Form is incorporated by reference. The Conditions and duties provided herein will supersede those contained in Paragraphs **2.** and **4.** of Section **IV** - Conditions of the Commercial General Liability Coverage Form.

1.     **Duties In The Event Of An Occurrence, Claim Or Suit**

Consistent with the Insuring Agreement contained within Coverage **SL**:

a.     **Occurrence Or Incident Reporting**

You must see to it that we are notified within thirty (30) days of the date you become aware of any "sexual misconduct occurrence", incident or circumstance which may reasonably be expected to result in a claim. To the extent possible, notice should include:

(1)     How, when and where the "sexual misconduct occurrence", incident or circumstance took place; and

(2)     The names and addresses of any injured persons and witnesses.

b.     **Claim Reporting**

If a claim or "suit" is received by any insured, you must:

(1)     Immediately record the specifics of the claim or "suit" and the date received; and

(2)     Promptly notify us.

You must see to it that we receive prompt written notice of the claim or "suit".

c.     **Other Duties**

You and any other involved insured must:

COMPLAINT FOR DECLARATORY JUDGMENT - 26

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

**(2)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation, settlement or defense of the "sexual misconduct occurrence", claim or "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of "injury" or "damages" to which this insurance may also apply.

**d.    No Voluntary Payments**

No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

37.    The SL Coverage part contains certain terms and conditions to coverage in Form GCG 74 10 07 14, which provides, in potentially relevant part, as follows:

**SECTION IV - CONDITIONS - COVERAGE SL**

The following conditions are unique to Coverage **SL**. The remainder of Section **IV** - Conditions of the Commercial General Liability Coverage Form is incorporated by reference. The Conditions and duties provided herein will supersede those contained in Paragraphs **2.** and **4.** of Section **IV** - Conditions of the Commercial General Liability Coverage Form.

**1.    Duties In The Event Of An Occurrence, Claim Or Suit**

Consistent with the Insuring Agreement contained within Coverage **SL**:

**a.    Occurrence Or Incident Reporting**

You must see to it that we are notified within thirty (30) days of the date you become aware of any "sexual misconduct occurrence", incident or circumstance which may reasonably be expected to result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "sexual misconduct occurrence", incident or circumstance took place; and

COMPLAINT FOR DECLARATORY JUDGMENT - 27

**(2)**   The names and addresses of any injured persons and witnesses.

**b.**   **Claim or Suit Reporting**

If a claim or "suit" is received by any insured, you must:

**(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

**(2)**   Promptly notify us.

You must see to it that we receive prompt written notice of the claim or "suit".

**c.**   **Other Duties**

You and any other involved insured must:

**(3)**   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)**   Authorize us to obtain records and other information;

**(3)**   Cooperate with us in the investigation, settlement or defense of the "sexual misconduct occurrence", claim or "suit"; and

**(4)**   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of "injury" or "damages" to which this insurance may also apply.

**d.**   **No Voluntary Payments**

No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**x.**   **LR Coverage – Insuring Agreements**

38.   With the exception of the 23-24 Policy, the other Policies contain a separate endorsement, either Form GCG 28 10 04 09 for the 14-15 Policy through 21-22 Policy, or Form GCL 28 10 04 18 for the 22-23 Policy that provides LR Coverage.

COMPLAINT FOR DECLARATORY JUDGMENT - 28

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

39.    LR Coverage for all applicable Policies is limited to $15,000 per incident and $45,000 in the aggregate for all Policies.

40.    Each of the Policies has a $1,000 deductible for LR coverage.

41.    Form GCG 28 10 04 09 provides, in potentially relevant part, as follows:

### LEGAL EXPENSE REIMBURSEMENT COVERAGE

### COVERAGE LR LEGAL EXPENSE REIMBURSEMENT COVERAGE

Various provisions in Coverage **LR** restrict coverage. Read this document and the entire policy carefully to determine your rights, duties and what is and is not covered.

Throughout this document, the words "you" and "your", whether appearing in quotation marks or not, refer strictly to the Named Insured shown in the Declarations and any other person or organization qualifying or designated as a Named Insured within Section **II** -- Who Is An Insured -- Coverage **LR**. The words "we", "us" and "our" refer to the Company providing this coverage.

The word "insured" is limited and means any person or organization qualifying as such under Section **II** -- Who Is An Insured -- Coverage **LR**.

Other words and phrases that appear in quotation marks have special meaning. Refer to both Section **V** -- Definitions of the Commercial General Liability Coverage Form, and the other definitions provided herein which are unique and specific to Coverage **LR**.

…

### SECTION I - COVERAGES - COVERAGE LR

Coverage **LR** is merged within and is a comprised part of the Commercial General Liability Coverage Form. The coverage provided by Coverage **LR** is distinct and separate from any other coverage provided under the Commercial General Liability Coverage Form.

### COVERAGE LR - LEGAL EXPENSE REIMBURSEMENT COVERAGE

1.    **Insuring Agreement**

   a.    We will reimburse those "legal expenses" incurred by the insured that arise out of a "suit" to which this insurance applies.

COMPLAINT FOR DECLARATORY JUDGMENT - 29

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

  **b.**  Our obligation is limited to paying "legal expenses" only if you or any affected insured are named as defendants in a "suit";

    provided that:

    **(1)**  The "suit" results from a "reimbursable incident" that occurs in the "coverage territory" and during the policy period; and

    **(2)**  The "legal expenses" are incurred and reported within one year of the date of the "reimbursable incident".

…

42.  Form GCG 28 10 04 18 provides, in potentially relevant part, as follows:

### LEGAL EXPENSE REIMBURSEMENT COVERAGE

### COVERAGE LR LEGAL EXPENSE REIMBURSEMENT COVERAGE

Various provisions in Coverage LR restrict coverage. Read this document and the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this document, the words "you" and "your", whether appearing in quotation marks or not, refer to the Named Insured shown in the Declarations and any other person or organization qualifying or designated as a Named Insured within Section **II** - Who Is An Insured - Coverage **LR**. The words "we","us" and "our" refer to the Company providing this coverage.

The word "insured" is limited and means any person or organization qualifying as such under Section **II** - Who Is An Insured - Coverage **LR**.

Other words and phrases that appear in quotation marks have special meaning. Refer to the Definitions section of the Commercial General Liability Coverage Form, any definitions added or modified by endorsement, and the other definitions provided herein which are unique and specific to Coverage **LR**.

### SECTION I - COVERAGES - COVERAGE LR

Coverage **LR** is merged within and is a comprised part of the Commercial General Liability Coverage Form. The coverage provided by Coverage **LR** is distinct and separate from any other coverage provided under the Commercial General Liability Coverage Form.

COMPLAINT FOR DECLARATORY JUDGMENT - 30

**COVERAGE   LR - LEGAL   EXPENSE   REIMBURSEMENT
COVERAGE**

**1.      Insuring Agreement**

   **a.**      We will reimburse those "legal expenses" incurred by the
            insured that arise out of a "suit" to which this insurance
            applies.

   **b.**      Our obligation is limited to paying "legal expenses" only if
            you or any affected insured are named as defendants in a
            "suit";

         provided that:

      **(1)**      The "suit" results from a "reimbursable incident" that
               occurs in the "coverage territory" and during the
               policy period; and

      **(2)**      The "legal expenses" are incurred and reported
               within one year of the date of the "reimbursable
               incident".

43.      Form GCG 28 10 04 09 defines certain terms, in potentially relevant part, as
follows:

**SECTION V -- DEFINITIONS -- COVERAGE LR**

The following words or phrases have a specific and unique meaning to
Coverage **LR**. The remainder of Section **V** -- Definitions of the Commercial
General Liability Coverage Form is incorporated by reference. Certain
definitions contained within Section **V** -- Definitions of the Commercial
General Liability Coverage Form may be reproduced for ease of reference
in this document. The definitions provided herein will supersede the
corresponding definitions contained in Section **V** -- Definitions of the
Commercial General Liability Coverage Form.

…

**3.**      "Damages" means compensatory tort or punitive damages allowed
         by law.

**4.**      "Legal expenses" means and is limited to reasonable and necessary
         attorney fees, expenses, court costs and the cost of appeal bonds that
         are directly related to defending "suits" against the insured or any
         affected insured. "Legal expenses" do not include the amounts of
         any "damages". "Legal expenses" do not include any retainer fees.

**5.**      "Reimbursable incident" means a single or series of interrelated
         continuing actual or alleged: acts, errors or omissions of the insured;

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

all of which together constitute a single reimbursable incident. However, "reimbursable incident" does not include any deliberate acts, errors or omissions for purposes of causing a "suit" to be initiated or filed against you.

44.     Form GCG 28 10 04 18 defines certain terms, in potentially relevant part, as follows:

**SECTION V – DEFINITIONS – COVERAGE LR**

The following words or phrases have a specific and unique meaning to Coverage **LR**. The remainder of the **Definitions** section of the Commercial General Liability Coverage Form and any definitions added or modified by endorsement are incorporated by reference. Certain definitions contained elsewhere within the Commercial General Liability Coverage Part may be reproduced for ease of reference in this document. The definitions provided herein will supersede the corresponding definitions contained elsewhere within the Commercial General Liability Coverage Part.

…

**3.**     "Damages" means compensatory tort or punitive damages allowed by law.

**4.**     "Legal expenses" means and is limited to reasonable and necessary attorney fees, expenses, court costs and the cost of appeal bonds that are directly related to defending "suits" against the insured or any affected insured. "Legal expenses" do not include the amounts of any "damages". "Legal expenses" do not include any retainer fees.

**5.**     "Reimbursable incident" means a single or series of interrelated continuing actual or alleged: acts, errors or omissions of the insured; all of which together constitute a single reimbursable incident. However, "reimbursable incident" does not include any deliberate acts, errors or omissions for purposes of causing a "suit" to be initiated or filed against you.

**xi.     LR Coverage – Exclusions**

45.     LR Coverage under the applicable Policies is subject to certain exclusions in Forms GCG 28 10 04 09 and GCG 28 10 04 18, both of which provide, in potentially relevant part, as follows:

**2.     Exclusions**

…

COMPLAINT FOR DECLARATORY JUDGMENT - 32

**b.**    We will not reimburse any "legal expenses" arising out of or attributable to:

…

**(3)**    "Sexual misconduct or molestation" or "sexual harassment".

**xii.**    **LR Coverage – Terms and Conditions to Coverage**

46.    LR Coverage under the Policies is also subject to certain terms and conditions contained in Forms GCG 28 10 04 09 and GCG 28 10 04 18, both of which provide, in potentially relevant part, as follows:

**SECTION IV – CONDITIONS – COVERAGE LR**

The following conditions are unique to Coverage **LR**. The remainder of Section **IV** - Conditions of the Commercial General Liability Coverage Form is incorporated by reference. The conditions and duties described in Paragraph **2.** herein will supersede those contained in Paragraph **2.** of Section **IV** - Conditions of the Commercial General Liability Coverage Form.

**1.**    **Duty to Investigate or Defend**

We have no duty or right to investigate or defend any "suit" brought against you to which this coverage does not apply.

**2.**    **Duties In The Event Of A Reimbursable Incident Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of your becoming aware of any "reimbursable incident" that may result in a "suit" to which this coverage applies.  To the extent possible, notice should include:

**(1)**    The nature of the "reimbursable incident", and

**(2)**    How, when and where the "reimbursable incident" took place.

**b.**    If "suit" is brought against the insured, you must:

**(1)**    Notify us as soon as practicable of the "suit" brought against the insured and provide us with all documents related to the incident.

**(2)**    As soon as practicable, provide us with written notice of the "suit".  This notice should include the nature of the "suit" and how, when and where the "reimbursable incident" took place.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

> **(3)**     Provide us the name, address and other information sufficient to identify the attorney or firm who will be defending you in the "suit".

**B.**    **The Claim**

47.    On or about June 27, 2023, Defendant Haskins filed a lawsuit, captioned as *Aleta Haskins v. New Jerusalem Church of God in Christ*, in the Superior Court of the State of Washington, Pierce County, Case No. 23-2-07773-9, ("Tort Lawsuit"). Attached is a copy of the Complaint in the Tort Lawsuit as **Exhibit 11**.

48.    Upon information and belief, Defendant Haskins served the Church prior to July 25, 2023.

49.    Upon information and belief, the Church retained attorney Vicky Currie to defend the Church in the Tort Lawsuit.

50.    Ms. Currie entered an appearance for the Church in the Tort Lawsuit on July 25, 2023, and filed an answer for the Church on July 28, 2023.

51.    Neither the Church nor anyone on its behalf notified GuideOne about the Tort Lawsuit within 30 days of service.

52.    Neither the Church nor anyone on its behalf notified GuideOne about the Tort Lawsuit prior to June 2024.

53.    GuideOne was unaware about the existence of the Tort Lawsuit prior to June 3, 2024.

54.    Defendant Haskins alleges in the Tort Lawsuit alleges that she was sexually assaulted on multiple occasions by Deacon Steve Cooper (the "Deacon") when she was 16 years old.

55.    Defendant Haskins alleges that the Deacon was employed by the Church, but does not identify the dates of the Deacon's employment or dates of the alleged assaults other than her age at the time of the alleged assaults.

COMPLAINT FOR DECLARATORY JUDGMENT - 34

56.     Defendant Haskins alleges that she disclosed the assaults to a Church pastor (the "Pastor"), but does not provide a date of this alleged disclosure.

57.     Defendant Haskins alleges that the Pastor was her biological father.

58.     Defendant Haskins alleges that the Pastor told her to not discuss the alleged assaults.

59.     The sole cause of action in the Tort Lawsuit against is negligence.

60.     Upon receiving first notice of the Tort Lawsuit on June 3, 2024, GuideOne opened a claim file and began to investigate.

61.     Over the next 45 days, GuideOne corresponded directly with Ms. Haskins' counsel; the Church's insurance agent, Rick Steele; the Church's attorney, Ms. Currie; and the Church directly through its contact, Dr. Dennis McCain.

62.     None of these individuals informed GuideOne about when the alleged assaults occurred despite GuideOne asking each one to provide this information.

63.     The only specific information provided to GuideOne was from Mr. Steele, who informed GuideOne that the alleged assault had occurred some 40 years ago.

64.     While GuideOne was investigating coverage, and while the Church was being defended by Ms. Currie in the Tort Lawsuit, the Church entered into a stipulated judgment agreement with Defendant Haskins on July 22, 2024 ("Stipulated Judgment").  Attached is a copy of the Stipulated Judgement as **Exhibit 12**.

65.     GuideOne was not provided any advance notice, and did not receive a copy of the Stipulated Judgment until late August 2024.

66.     The Stipulated Judgment is for $3,750,000 and includes an assignment of the Church's rights against GuideOne to Defendant Haskins.

COMPLAINT FOR DECLARATORY JUDGMENT - 35

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

67.     The Stipulated Judgment provides that "if Plaintiff (Defendant Haskins) is able to accomplish a resolution with any insurer, the first $50,000 collected will be reimbursed to the Defendant (Church) for the past approximately expended attorney fee expenses."

68.     The Stipulated Judgment requires the Church to cooperate with Defendant Haskins for "all tasks and endeavors necessary to carry out or realize the terms of this Agreement."

69.     On or about August 27, 2024, Defendant Haskins filed a second lawsuit, captioned as *Aleta Haskins v. New Jerusalem Church of God in Christ*, *et al.*, in the Superior Court of the State of Washington, King County, Case No. 24-2-19410-0 ("Bad Faith Lawsuit").  Attached is the complaint in the Bad Faith Lawsuit as **Exhibit 13**.

70.     The Bad Faith Lawsuit names GuideOne as a defendant.

71.     The Bad Faith Lawsuit contains some of the same factual allegations as the Tort Lawsuit and adds additional allegations as to GuideOne for declaratory judgment, violation of Washington Insurance Fair Conduct Act ("IFCA") and Washington's Consumer Protection Act ("CPA"), negligence, and bad faith.

72.     On or about August 1, 2024, GuideOne retained Scott Clement at the law firm Clement Drotz ("Defense Counsel") to defend the Church in the Tort Lawsuit.

73.     GuideOne agreed to defend the Church in the Bad Faith Lawsuit shortly after it was filed.

74.     On or about September 24, 2024, GuideOne issued a reservation of rights letter to the Church regarding coverage under the Policies for the Tort Lawsuit and Bad Faith Lawsuit. Attached is a copy of GuideOne's reservation of rights letter as **Exhibit 14**.

## IV.  FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT: CGL COVERAGE – NO OCCURRENCE

75.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76.     Each of the Policies is a contract between GuideOne and the Church.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

77.     The Policies provide CGL Coverage to the Church pursuant to its terms and conditions, and not otherwise.

78.     The CGL Coverage part of each of the Policies limits coverage for bodily injury caused by an occurrence.

79.     The alleged sexual assaults set forth in the Tort Lawsuit were not accidental.

80.     As such, GuideOne is entitled to declaratory judgment that the Tort Lawsuit does not allege bodily injury caused by an occurrence under the CGL Coverage part of the Policies.

81.     A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

### V.  <u>SECOND CAUSE OF ACTION</u>
**DECLARATORY JUDGMENT: CGL COVERAGE – NO BODILY INJURY OCCURRED DURING ANY POLICY PERIOD**

82.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 81 as if fully set forth herein.

83.     The CGL Coverage part of each of the Policies limits coverage for bodily injury that occurs during a certain Policy period.

84.     The alleged sexual assaults in the Tort Lawsuit occurred prior to the inception of the first GuideOne Policy, which was the 14-15 Policy.

85.     The Tort Lawsuit alleges that Defendant Haskins was 16 years old when the alleged sexual assaults occurred.

86.     Under information and belief, the alleged sexual assaults occurred in the early 1980s.

87.     As such, GuideOne is entitled to declaratory judgment that the Policies do not provide CGL Coverage for the Tort Lawsuit because no bodily injury occurred during any of the Policy periods.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

88.     A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

## VI.  THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT: CGL COVERAGE – PRIOR KNOWLEDGE BY THE CHURCH AND/OR ITS EMPLOYEES

89.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 88 as if fully set forth herein.

90.     The CGL Coverage part of each of the Policies limits coverage for bodily injury that the Church or its employee did not know about prior to any Policy period.

91.     Given the allegations that Ms. Haskins was assaulted by the Deacon, and that she told the Pastor about the alleged sexual assaults at or around the time they occurred, the Deacon and/or the Pastor knew about the alleged bodily injury prior to the inception of the 14-15 Policy, based on information and belief.

92.     Based on information and belief, the Deacon and/or the Pastor were employees at the Church prior to inception of the 14-15 Policy.

93.     Neither the Church, the Deacon, nor the Pastor informed GuideOne about the alleged sexual assaults prior to June 3, 2024.

94.     As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide CGL coverage to the Church for the Tort Lawsuit because it does not fall under the insuring agreements.

95.     A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

## VII.  FOURTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: CGL COVERAGE – EXPECTED OR INTENDED INJURY EXCLUSION

96.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 95 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

97. The CGL Coverage part of each of the Policies contains an exclusion for expected or intended injury.

98. Upon information and belief, the Deacon and/or the Pastor were employees at the Church during the relevant time period of the alleged sexual assaults.

99. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide CGL coverage to the Church for the Tort Lawsuit because it falls within this exclusion.

100. A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

## VIII.  FIFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: CGL COVERAGE – MISCONDUCT, MOLESTATION OR HARASSMENT EXCLUSION

101. GuideOne realleges each of the allegations contained in Paragraphs 1 through 100 as if fully set forth herein.

102. The CGL Coverage part of each of the Policies contains an exclusion for misconduct, molestation or harassment.

103. This exclusion applies to any actual or alleged act of "sexual misconduct or sexual molestation" or "sexual harassment" of any kind, as these terms are defined by the Policies.

104. The alleged sexual assaults fall within this exclusion.

105. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide coverage under the CGL Coverage part of the Policies to the Church for the Tort Lawsuit because it falls within this exclusion.

106. A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

## IX.  SIXTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: CGL COVERAGE – CHURCH'S BREACH OF THE POLICIES' TERMS AND CONDITIONS OF COVERAGE

COMPLAINT FOR DECLARATORY JUDGMENT - 39

107.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 106 as if fully set forth herein.

108.    The CGL Coverage part of each of the Policies contains terms and conditions of coverage.

109.    The Church breached the terms and conditions of the CGL Coverage part for each of the Policies by failing to provide notice of the sexual assault allegations prior to the filing of the Tort Lawsuit.

110.    The Church breached the terms and conditions of the CGL Coverage part for each of the Policies by failing to provide notice, and a copy, of the Tort Lawsuit immediately after the Church was served.

111.    The Church breached the terms and conditions of the CGL Coverage part for each of the Policies by otherwise failing to cooperate with GuideOne's coverage and claim investigation and settlement of the Tort Lawsuit.

112.    The Church breached the terms and conditions of the CGL Coverage part for each of the Policies by entering into the Stipulated Judgment with the consent of, or any advanced notice to, GuideOne.

113.    GuideOne was substantially and materially prejudiced by the Church's various breaches of the terms and conditions of the CGL Coverage part of the Policies as set forth above.

114.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide CGL Coverage to the Church for the Tort Lawsuit because of the Church's breaches of the terms and conditions to coverage under the CGL Coverage part for each of the Policies.

115.    A justiciable controversy exists between GuideOne and the Church with regard to whether the CGL Coverage part applies to the claim alleged in the Tort Lawsuit.

## X.  <u>SEVENTH CAUSE OF ACTION</u>
**DECLARATORY JUDGMENT: RL AND RD COVERAGES – RELIGIOUS EXPRESSION INJURY**

COMPLAINT FOR DECLARATORY JUDGMENT - 40

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

116.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 115 as if fully set forth herein.

117.    The RL and RD Coverage part of each of the Policies limits coverage to religious expression injury.

118.    The alleged sexual assaults do not constitute a religious expression injury.

119.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it does not fall within the insuring agreements.

120.    A justiciable controversy exists between GuideOne and the Church with regard to whether the RD and RL Coverage parts apply to the claim alleged in the Tort Lawsuit.

### XI.  EIGHTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – RELIGIOUS EXPRESSION OCCURRENCE

121.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 120 as if fully set forth herein.

122.    The RL and RD Coverage part of each of the Policies limits coverage to religious expression injury that is caused by a religious expression occurrence.

123.    The alleged sexual assaults do not constitute a religious expression injury caused by a religious expression occurrence.

124.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it does not fall within the insuring agreements.

125.    A justiciable controversy exists between GuideOne and the Church with regard to whether the RD and RL Coverage parts apply to the claim alleged in the Tort Lawsuit.

### XII.  NINTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – RELIGIOUS EXPRESSION OCCURRENCE FIRST COMMENCES DURING POLICY PERIOD

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

126.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 125 as if fully set forth herein.

127.    The RL and RD Coverage part of each of the Policies limits coverage to when a religious expression occurrence first occurs during the policy period.

128.    The alleged sexual assaults occurred prior to the inception of the first GuideOne Policy, the 14-15 Policy.

129.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it does not fall with the insuring agreements.

130.    A justiciable controversy exists between GuideOne and the Church with regard to whether the RD and RL Coverage parts apply to the claim alleged in the Tort Lawsuit.

### XIII.  TENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – PRIOR KNOWLEDGE BY THE CHURCH AND/OR ITS EMPLOYEES

131.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 130 as if fully set forth herein.

132.    The RL and RD Coverage parts of each of the Policies limits coverage for bodily injury that the Church or its employee did not know about prior a certain Policy period.

133.    Given the allegations that Ms. Haskins was assaulted by the Deacon, and that she told the Pastor about the alleged sexual assaults at or around the time they occurred, the Deacon and/or the Pastor knew about the alleged bodily injury prior to the inception of the 14-15 Policy, based on information and belief.

134.    Based on information and belief, the Deacon and/or the Pastor were employees at the Church prior to inception of the 14-15 Policy.

135.    Neither the Church, the Deacon, nor the Pastor informed GuideOne about the alleged sexual assaults prior to June 3, 2024.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

136.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it does not fall within the insuring agreements.

137.    A justiciable controversy exists between GuideOne and the Church with regard to whether the RD and RL Coverage parts apply to the claim alleged in the Tort Lawsuit.

### XIV.  ELEVENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RD COVERAGE – LEGAL EXPENSE REIMBURSEMENT

138.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 137 as if fully set forth herein.

139.    RD Coverage applies for religious expression legal expenses when RD Coverage applies.

140.    Because RD Coverage does not apply as detailed above, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RD Coverage for religious expression legal expenses to the Church for the Tort Lawsuit because it does not fall within the insuring agreements.

141.    A justiciable controversy exists between GuideOne and the Church with regard to whether the RD Coverage part for legal expenses applies to the claim alleged in the Tort Lawsuit.

### XV.  TWELFTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – CERTAIN TYPES OF HARM EXCLUSION

142.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 141 as if fully set forth herein.

143.    The RL and RD Coverage parts of each of the Policies contain an exclusion for certain types of harm that includes abuse, sexual misconduct or sexual molestation, or sexual harassment.

144.    The alleged sexual assaults fall under this exclusion.

COMPLAINT FOR DECLARATORY JUDGMENT - 43

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

145. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it falls under this exclusion.

146. A justiciable controversy exists between GuideOne and the Church with regard to whether the RL and RD Coverage parts apply to the claim alleged in the Tort Lawsuit.

## XVI.  THIRTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – CRIMINAL ACT EXCLUSION

147. GuideOne realleges each of the allegations contained in Paragraphs 1 through 146 as if fully set forth herein.

148. The RL and RD Coverage parts of each of the Policies contain an exclusion for any admitted or adjudicated criminal act or any willful violation of any statute or regulation.

149. The alleged sexual assaults fall under this exclusion.

150. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because it falls within this exclusion.

151. A justiciable controversy exists between GuideOne and the Church with regard to whether the RL and RD Coverage parts apply to the claim alleged in the Tort Lawsuit.

## XVII.  FOURTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – EXEMPLARY OR PUNITIVE DAMAGES EXCLUSION

152. GuideOne realleges each of the allegations contained in Paragraphs 1 through 151 as if fully set forth herein.

153. The RL and RD Coverage parts of each of the Policies contain an exclusion for exemplary or punitive damages.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

154.     GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for any exemplary or punitive damages sought in the Tort Lawsuit.

155.     A justiciable controversy exists between GuideOne and the Church with regard to whether the RL and RD Coverage parts apply to any exemplary or punitive damages sought in the Tort Lawsuit.

## XVIII.  FIFTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: RL AND RD COVERAGES – CHURCH'S BREACH OF TERMS AND CONDITIONS OF COVERAGE

156.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 155 as if fully set forth herein.

157.     The RL and RD Coverage parts of each of the Policies contains terms and conditions of coverage.

158.     The Church breached the terms and conditions of the RL and RD Coverage parts for each of the Policies by failing to provide notice of the sexual assault allegations prior to the filing of the Tort Lawsuit.

159.     The Church breached the terms and conditions of the RL and RD Coverage parts for each of the Policies by failing to provide notice, and a copy, of the Tort Lawsuit immediately after the Church was served.

160.     The Church breached the terms and conditions of the RL and RD Coverage parts for each of the Policies by otherwise failing to cooperate with GuideOne's coverage and claim investigation and settlement of the Tort Lawsuit.

161.     The Church breached the terms and conditions of the RL and RD Coverage parts for each of the Policies by entering into the Stipulated Judgment without the consent of, or any advanced notice to, GuideOne.

COMPLAINT FOR DECLARATORY JUDGMENT - 45

162. GuideOne was substantially and materially prejudiced by the Church's various breaches of the terms and conditions of the RL and RD Coverage parts of the Policies as set forth above.

163. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide RL or RD Coverage to the Church for the Tort Lawsuit because of its breaches of the terms and conditions to coverage.

164. A justiciable controversy exists between GuideOne and the Church with regard to whether the RL and RD Coverage parts apply to the claim alleged in the Tort Lawsuit.

### XIX. SIXTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: SL COVERAGE – FIRST ACT OF SEXUAL MISCONDUCT OCCURRENCE COMMENCED PRIOR TO POLICY PERIODS

165. GuideOne realleges each of the allegations contained in Paragraphs 1 through 164 as if fully set forth herein.

166. The SL Coverage part of each of the Policies limits coverage to the first act of a "sexual misconduct occurrence" that commences during the policy period.

167. The alleged sexual assaults occurred prior to the inception of the first GuideOne Policy, the 14-15 Policy.

168. As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide SL Coverage to the Church for the Tort Lawsuit because it does not fall within the insuring agreements.

169. A justiciable controversy exists between GuideOne and the Church with regard to whether the SL Coverage part applies to the claim alleged in the Tort Lawsuit.

### XX. SEVENTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: SL COVERAGE – CRIMINAL ACT EXCLUSION

170. GuideOne realleges each of the allegations contained in Paragraphs 1 through 169 as if fully set forth herein.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

171.    The SL Coverage part of each of the Policies contain an exclusion for any admitted or adjudicated criminal act or any willful violation of any statute or regulation.

172.    The alleged sexual assaults fall under this exclusion.

173.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide SL Coverage to the Church for the Tort Lawsuit because it falls within this exclusion.

174.    A justiciable controversy exists between GuideOne and the Church with regard to whether the SL Coverage part applies to the claim alleged in the Tort Lawsuit.

## XXI.  EIGHTEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: SL COVERAGE – EXEMPLARY OR PUNITIVE DAMAGES EXCLUSION

175.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 174 as if fully set forth herein.

176.    The SL Coverage part of each of the Policies contain an exclusion for exemplary or punitive damages.

177.    GuideOne is entitled to declaratory judgment that it owes no obligation to provide SL Coverage to the Church for any exemplary or punitive damages sought in the Tort Lawsuit.

178.    A justiciable controversy exists between GuideOne and the Church with regard to whether the SL Coverage part applies to any exemplary or punitive damages sought in the Tort Lawsuit.

## XXII.  NINETEENTH CAUSE OF ACTION
### DECLARATORY JUDGMENT: SL COVERAGE – CHURCH'S BREACH OF TERMS AND CONDITIONS OF COVERAGE

179.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 178 as if fully set forth herein.

180.    The SL Coverage part of each of the Policies contains terms and conditions of coverage.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

181.    The Church breached the terms and conditions of the SL Coverage part for each of the Policies by failing to provide notice of the sexual assault allegations prior to the filing of the Tort Lawsuit.

182.    The Church breached the terms and conditions of the SL Coverage part for each of the Policies by failing to provide notice, and a copy, of the Tort Lawsuit immediately after the Church was served.

183.    The Church breached the terms and conditions of the SL Coverage part for each of the Policies by otherwise failing to cooperate with GuideOne's coverage and claim investigation and settlement of the Tort Lawsuit.

184.    The Church breached the terms and conditions of the SL Coverage part for each of the Policies by entering into the Stipulated Judgment with the consent of, or any advanced notice to, GuideOne.

185.    GuideOne was substantially and materially prejudiced by the Church's various breaches of the terms and conditions of the SL Coverage part of the Policies as set forth above.

186.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide SL Coverage to the Church for the Tort Lawsuit because of the Church's breaches of the terms and conditions to coverage.

187.    A justiciable controversy exists between GuideOne and the Church with regard to whether the SL Coverage part applies to the claim alleged in the Tort Lawsuit.

### XXIII.  TWENTIETH CAUSE OF ACTION
### DECLARATORY JUDGMENT: LR COVERAGE – LEGAL EXPENSE REIMBURSEMENT

188.    GuideOne realleges each of the allegations contained in Paragraphs 1 through 187 as if fully set forth herein.

189.    The LR Coverage part of each of the Policies does not apply for the Tort Lawsuit because it does not constitute a reimbursable incident that occurred during the policy period.

COMPLAINT FOR DECLARATORY JUDGMENT - 48

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

190.     The LR Coverage part of each of the Policies does not apply for the Tort Lawsuit because the Church did not incur legal expense within one year of the date of any reimbursable incident.

191.     GuideOne is entitled to declaratory judgment that it owes no obligation to LR Coverage for legal expenses to the Church for the Tort Lawsuit under any of the potentially applicable Policies.

192.     A justiciable controversy exists between GuideOne and the Church with regard to whether the LR Coverage part for legal expenses applies to the claim alleged in the Tort Lawsuit.

### XXIV.  TWENTY-FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT: LR COVERAGE – SEXUAL MISCONDUCT OR MOLESTATION OR SEXUAL HARASSMENT EXCLUSION

193.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 192 as if fully set forth herein.

194.     The LR Coverage part of each of the Policies contains an exclusion for sexual misconduct or molestation or sexual harassment.

195.     This exclusion applies to the claim in the Tort Lawsuit.

196.     GuideOne is entitled to declaratory judgment that it owes no obligations to the Church to provide LR Coverage for legal expenses for the Tort Lawsuit because it is excluded from coverage under the above exclusionary language.

197.     A justiciable controversy exists between GuideOne and the Church with regard to whether the above exclusion to the LR Coverage part applies to the claim alleged in the Tort Lawsuit.

### XXV.  TWENTY-SECOND CAUSE OF ACTION
### DECLARATORY JUDGMENT: LR COVERAGE – TERMS AND CONDITIONS OF COVERAGE

198.     GuideOne realleges each of the allegations contained in Paragraphs 1 through 197 as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 49

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

199.    The LR Coverage part of each of the Policies contains terms and conditions of coverage.

200.    The Church breached the terms and conditions of the LR Coverage part for each of the Policies by failing to provide notice of the sexual assault allegations prior to the filing of the Tort Lawsuit.

201.    The Church breached the terms and conditions of the LR Coverage part for each of the Policies by failing to provide notice, and a copy, of the Tort Lawsuit immediately after the Church was served.

202.    The Church breached the terms and conditions of the LR Coverage part for each of the Policies by otherwise failing to cooperate with GuideOne's coverage and claim investigation and settlement of the Tort Lawsuit.

203.    GuideOne was substantially and materially prejudiced by the Church's various breaches of the terms and conditions of the LR Coverage part of the Policies as set forth above.

204.    As such, GuideOne is entitled to declaratory judgment that it owes no obligation to provide LR Coverage to the Church for the Tort Lawsuit because of the Church's breaches of the terms and conditions to coverage.

205.    A justiciable controversy exists between GuideOne and the Church with regard to whether the LR Coverage part applies to the claim alleged in the Tort Lawsuit..

## XXVI.  **PRAYER FOR RELIEF**

Based on the allegations contained herein, GuideOne prays for the following relief:

1.    Entry of declaratory judgment that there is no coverage under any of the potentially applicable coverages contained in any of the Policies as set forth above; and

2.    Such other and further relief as the Court deems just and equitable

COMPLAINT FOR DECLARATORY JUDGMENT - 50

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1

DATED this 4th day of October, 2024.

s/ Eliot M. Harris
Eliot M. Harris, WSBA # 36590
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:    (206) 628-6600
Fax:    (206) 628-6611
Email: eharris@williamskastner.com

*Attorneys for Plaintiff GuideOne Insurance Company*

COMPLAINT FOR DECLARATORY JUDGMENT - 51

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4872-0585-5976.1