UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GUIDEONE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERUSALEM CHURCH OF GOD IN CHRIST; ALETA HASKINS,<br><br>Defendant. | Case No. 3:24-cv-05854-TMC<br><br>ORDER TO SHOW CAUSE |

      A complaint for declaratory judgment was filed by Plaintiff GuideOne Insurance Company ("GuideOne") against Defendants New Jerusalem Church of God in Christ and Aleta Haskins in the United States District Court on October 4, 2024, Dkt. 1, and assigned to this Court on February 3, 2025. Dkt. 13, 14. The Court issues this Order on its own accord after reviewing the Complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The Court has "an independent obligation to determine whether subject-matter jurisdiction exists.").

      This is a Court of limited jurisdiction. For a legal action to proceed, the Court must have subject matter jurisdiction over the action. In their Complaint, GuideOne asserts that the Court has subject matter jurisdiction over this action due to "diversity jurisdiction." Dkt. 1 at 2. For there to be diversity jurisdiction (which would provide the Court with subject matter

ORDER TO SHOW CAUSE - 1

jurisdiction), the amount in dispute must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a).

The current filings do not provide an adequate basis for diversity jurisdiction. There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Local Civil Rule 8 requires that if the plaintiff is asserting that this Court has jurisdiction based on diversity, "the complaint must identify the citizenship of the parties[.]" LCR 8(a).

In their complaint, GuideOne alleges that Defendant Aleta Haskins is a "Washington resident." Dkt. 1 at 1. "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's citizenship is "determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* As the party asserting diversity jurisdiction, GuideOne bears the burden of proof. *Id.* at 857–58. The operative Complaint does not contain sufficient allegations to sustain GuideOne's burden to establish diversity jurisdiction at the pleading stage. In its response to this Order, GuideOne must address whether it can cure this defect by amending its complaint or providing other evidence to sufficiently allege Aleta Haskins's citizenship. *See id*; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Accordingly, the Court ORDERS GuideOne to respond within 14 days and show cause why this Court has subject matter jurisdiction over this case.

ORDER TO SHOW CAUSE - 2

Dated this 5th day of February, 2025.

                                                Tiffany M. Cartwright
                                                United States District Judge

ORDER TO SHOW CAUSE - 3